IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00982-KLM

ESTATE OF JASON WATERHOUSE, through its personal representative Heather Lopez, and
AMBER WATERHOUSE, daughter of Jason Waterhouse, deceased,

    Plaintiffs,

v.

MARC DIREZZA, Sergeant, in his individual capacity,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Strike Defendant's Expert Due to Failure to Provide a Written Report Pursuant to Fed. R. Civ. P. 26** [#51] (the "Motion"). Defendant filed a Response [#54] in opposition to the Motion [#51], and Plaintiffs filed a Reply [#55]. The Court has reviewed the briefs, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#51] is **GRANTED**.[1]

---

[1] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#11, #14].

## I. Background

December 13, 2021 was the deadline for affirmative expert disclosures in this case. *Minute Order* [#36].  Plaintiffs disclosed two affirmative experts (one use-of-force expert and one medical expert) on December 16, 2021.[2]  *Motion* [#51] at 2.  Defendant did not disclose any affirmative experts.  *Id.* at 3.  The deadline for rebuttal expert disclosures was January 18, 2022.  *Minute Order* [#36].  However, on January 6, 2022, the Court entered a stay of discovery pending resolution of the Motions to Dismiss [#28, #29].  *Order* [#42].  The stay was lifted on July 15, 2022.  *Minute Order* [#45].  After the stay was lifted, the Court granted the parties' joint motion to amend the Scheduling Order, extending the discovery cut-off to June 10, 2023, and the dispositive motion deadline to July 10, 2023. *Minute Order* [#47].  No request was made to extend or reset the rebuttal expert disclosure deadline, implicitly indicating that neither party intended to disclose any rebuttal experts.

Plaintiffs state that, because they disclosed their affirmative experts on December 16, 2021, Defendant's rebuttal expert disclosure deadline would have been January 21, 2022.  *Motion* [#51] at 3 n.1.  This is incorrect.  The Court explicitly set a rebuttal expert disclosure deadline of January 18, 2022.  *Minute Order* [#36].  Plaintiffs also state that, because the discovery stay was issued on January 6, 2022, fifteen days remained for rebuttal expert disclosures to be made from the date the stay was lifted, meaning that the new deadline was July 30, 2022.  *Motion* [#51] at 3 n.1.  Again, this is incorrect.  The Court explicitly set a rebuttal expert disclosure deadline of January 18, 2022, *see Minute Order* [#36], and explicitly ordered the parties to file a motion "seeking extensions of any

---

[2] Plaintiffs do not provide any explanation for why they missed the affirmative expert disclosure deadline by three days, but Defendant does not take issue with this delay.

necessary deadlines." *See Minute Order* [#45].  No request to extend the January 18, 2022 deadline was ever made; hence, the deadline for disclosure of rebuttal experts remained January 18, 2022.

Regardless, on August 31, 2022, Defendant provided one rebuttal expert witness designation, i.e., Shaun Santos ("Santos"), a use-of-force expert.  *Motion* [#51] at 3.  No expert report was disclosed at that time, and no summary of opinions or facts to which he was expected to testify was provided.  *Id.*  On March 29, 2023, Plaintiffs "reached out to Defendant to ask about a report for Mr. Santos."  *Id.* at 4.  Plaintiffs pointed out that, although they had received the expert witness designation and the expert's CV, they "did not believe" that they had yet received a written report from Mr. Santos, and they therefore asked Defendant to provide a copy of any report that Mr. Santos had authored.  *Id.* "Defendant responded to state only that Defendant's expert 'has not authored a report.'" *Id.*

The present Motion [#51] was filed by Plaintiffs on April 24, 2023, and seeks to strike Mr. Santos as an expert witness.  Defendant was provided an extension of time to file a Response [#54] to the Motion [#51], which he did on May 22, 2023.  Earlier that same day, Defendant disclosed an expert report from Mr. Santos.  *Reply* [#55] at 1. Defendant states that the timing of the expert report disclosure "is simply due to an unfortunate delay which Defendant takes full responsibility for."  *Response* [#54] at 3.  No further explanation is provided.  Defendant has not made any formal request to extend the rebuttal expert disclosure deadline, beyond an implicit request to do so given Defendant's request to deny Plaintiffs' Motion [#51] to strike Mr. Santos.

## II.  Analysis

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [litigants] without peril." *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000).  While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).  However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended.  *Cf. Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent–a–Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

Rule 26(a)(2) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  Further, "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ."  Fed. R. Civ. P. 26(a)(2)(B).  Rule 37 dictates remedies for Rule 26 violations.  *Lederman v. Bos. Sci. Corp.*, No. 21-cv-02269-NRN, 2023 WL 3981385, at *2 (D. Colo. Mar. 14, 2023).  Rule 37(c)(1) states that, "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Here, Defendant provides no information to suggest that the failure to provide a written report was substantially justified. Defendant merely states that the failure was "simply due to an unfortunate delay which Defendant takes full responsibility for." *Response* [#54] at 3. Even assuming that Defendant's designation of Mr. Santos and disclosure of his CV were timely (an issue which the Court need not determine to resolve the present Motion [#51]), Defendant has not provided *any* justification for the eight-month delay between when Defendant provided the name of his rebuttal expert and when he provided the written report. Rule 37(c)(1) specifies that the expert may not testify "unless the failure was substantially justified <u>or</u> is harmless." Id. (emphasis added). Therefore, having failed to demonstrate substantial justification, Defendant must make a showing that the failure is harmless. *Lederman*, 2023 WL 3981385, at *2.

The Tenth Circuit has held that, to determine whether a Rule 26 violation is harmless, the Court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "In deciding to exclude late-disclosed evidence or witnesses, other courts also consider the need for deterrence of the particular sort of noncompliance in assessing the appropriate sanction." *Lederman*, 2023 WL 3981385, at *3 (citing *Mut. Fed. Sav. & Loan v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)).

First, Defendant argues that Plaintiffs have the ability to cure any prejudice because he has already corrected the failure by providing the written report and that he would not oppose any alteration of deadlines to cure any potential prejudice. *Response*

-5-

[#54] at 2. Additionally, Plaintiffs concede that if the "Court modifies discovery deadlines to accommodate Defendant's delay, then the report is not likely to disrupt the trial because the necessary discovery regarding the report could be completed." *Reply* [#55] at 4. While the Court agrees that Defendant's delay may not affect the trial date, which is set for December 4, 2023, the Court notes that the trial date nevertheless could be affected by this late disclosure. To give no weight to this factor would allow a party to unilaterally extend the discovery deadline by making disclosures after the discovery deadline (but before trial) while professing a willingness to schedule even more depositions. *See Lederman*, 2023 WL 3981385, at *3. The Court's time is precious and the scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . ." *Washington*, 197 F.R.D. at 441. Any risk to the trial date is considered substantial by the Court. The Ninth Circuit has explained the harm that such serious departures from the rules have on the case:

> The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush. After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context. Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved. The late disclosure of witnesses throws a wrench into the machinery of trial. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn threatens whether a scheduled trial date is viable. And it impairs the ability of every trial court to manage its docket.

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-863 (9th Cir. 2014).

Second, the Court finds that Defendant's failure to disclose the written report constitutes actual prejudice towards Plaintiffs. After discovery is closed, an adversarial

opponent is entitled to presume that the pretrial phase of the case is complete. *Lederman*, 2023 WL 3981385, at *3. To argue that there is enough time to prepare for examination of the expert witness before trial "is disrespectful to [his] adversary and an affront to the Court's processes." *Id.* Defendant argues that "the Defense expert report in [sic] a rebuttal report to Plaintiffs' expert report and, naturally, addresses the same subject matter as Plaintiffs' expert report. It does not introduce any new area of expertise or potential testimony." *Response* [#54] at 2. Obviously, the mere fact that Defendant disclosed the name and CV of his expert witness does not put Plaintiffs on notice as to what the expert is going to say at trial. *See Gant v. Klenzade, Inc.*, 155 F.R.D. 102, 103 (E.D. Pa. 1994). It is not Plaintiffs' job to try to predict what an expert witness is going to say, even if that expert is designated as a rebuttal witness. The Court also notes that Plaintiffs assert that Mr. Santos disclosed several affirmative opinions in his report. *Reply* [#55] at 2.

Finally, and most importantly, this type of extreme delay in making disclosures constitutes a willful disregard for the Scheduling Order [#18]. "[T]here is a need for strong deterrence of this sort of brazen noncompliance [with] the rules." *Lederman*, 2023 WL 3981385, at *4. Even if the delay was not done in bad faith, as Defendant suggests, "[t]here is absolutely no justification for such an extreme departure from normal pretrial practice." *Id.* Further, as Plaintiffs state, when Plaintiffs' counsel reached out to Defendant's counsel on March 29, 2023, to inquire about sending a copy of the written report, Defendant's counsel simply stated that the expert "had not authored a report." *Motion* [#51] at 4. Rule 26 clearly states that "unless otherwise . . . ordered by the court, [an expert witness] disclosure must be accompanied by a written report . . . ." Fed. R.

Civ. P. 26(a)(2)(B). Defendant's disclosure of such a written report was more than eight months late, by a conservative estimate, and he only disclosed such report after first being asked by opposing counsel. Defendant delayed three more weeks after Defendant filed the Motion [#51] to produce the required report. The Court cannot allow such carelessness or, at worst, intentional disregard for the Court and opposing counsel's time, to impact the orderly administration of justice. Taking "full responsibility" for the delay simply does not absolve Defendant of this failure. *See Response* [#54] at 3.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#51] is **GRANTED** and the opinion of Defendant's use-of-force expert witness, Mr. Santos, is stricken. Accordingly, Mr. Santos may not testify at trial.

Dated: July 13, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge